UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT RICHARD PRICE,<br><br>   Petitioner,<br><br>   v.<br><br>SACRAMENTO COUNTY,<br><br>   Respondent. | No. 2:22-cv-01484-CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a county inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

### I. Factual and Procedural History

Petitioner was convicted in the Sacramento County Superior Court of vehicle theft and receiving stolen property following his plea of no contest. ECF No. 1 at 2. Although his exact sentence is not listed, petitioner is serving his sentence in the Sacramento County Jail. ECF No. 1 at 2. As grounds for habeas relief, petitioner challenges his "conditions relating to corporal punishment…" and the "refusal of [a] grievance process [by] county jail policy…." ECF No. 1 at 3. By way of relief, he requests an evidentiary hearing. Id.

### II. Analysis

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all

petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review and recommends dismissing petitioner's habeas corpus petition because it does not contain any cognizable claim for relief. The court is unable to discern any factual or legal basis supporting petitioner's claim for an evidentiary hearing, much less any constitutional claim challenging his state court conviction. Petitioner does not allege that he is being held in state custody based on a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, this court lacks subject matter jurisdiction. Likewise, the court declines to construe petitioner's habeas application as a civil rights complaint pursuant to 42 U.S.C. § 1983 because one has already been filed raising similar allegations and was dismissed without leave to amend.[1] See Price v. RCCC, et al., Case No. 2:22-cv-00202-WBS-DB (E.D. Cal.). For these reasons, the undersigned recommends that petitioner's application for writ of habeas corpus be summarily dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus (ECF No. 1) be summarily dismissed.
2. All pending motions (ECF No. 4) be denied as moot.
3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a

---

[1] See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006).

certificate of appealability should issue and, if so, why and as to which issue(s).  Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 15, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/pric1484.summ.dismiss.docx

3